IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Dennis D. McCaughey, | : | |
| | : | Case Nos. 1:02-cv-732 |
| Plaintiff, | : | |
| | : | Chief Judge Susan J. Dlott |
| v. | : | |
| | : | ORDER DENYING DEFENDANT |
| City of Blue Ash, | : | CITY OF BLUE ASH'S RENEWED |
| | : | MOTION FOR JUDGMENT AS A |
| Defendant. | : | MATTER OF LAW AND GRANTING |
| | : | DEFENDANT CITY OF BLUE ASH'S |
| | : | MOTION FOR STAY OF |
| | | EXECUTION |

This matter comes before the Court on Defendant City of Blue Ash's Renewed Motion

for Judgment as a Matter of Law or in the Alternative Motion for a New Trial or in the

Alternative Motion for Remittitur (hereinafter "Motion for Judgment") (doc. 213); Defendant

City of Blue Ash's Motion for Stay of Execution (doc. 222); and Plaintiff Dennis D.

McCaughey's Motion for Attorney Fees (doc. 223).  For the reasons stated below, the Court

DENIES Defendant's Motion for Judgment, GRANTS Defendant's Motion for Stay of

Execution, and reserves judgment on Plaintiff's Motion for Attorney Fees.

I.      **Defendant's Motion for Judgment**

On September 4, 2009, following the jury's verdict for Plaintiff in the above-captioned

matter, Defendant City of Blue Ash made an oral motion for judgment as a matter of law, or in

the alternative for either remittitur or a new trial.  The Court denied Defendant's oral motions.

On September 14, 2009, Defendant filed a renewed Motion for Judgment.  The Court hereby

denies Defendant's motion for the same reason s as this Court has previously denied the same

and similar motions.

**II. Defendant's Motion for Stay of Execution**

On September 4, 2009, following a trial in this matter, the Court entered judgment in favor of Plaintiff McCaughey against Defendant City of Blue Ash in the amount of $526,430.42. (Doc. 209). Defendant filed a notice of appeal on September 29, 2009, and Plaintiff filed a notice of appeal on October 2, 2009. (See docs. 214, 215.) Pursuant to Fed. R. Civ. P. 62, the City of Blue Ash now moves this Court for an order staying the execution of the judgment pending appeal. Plaintiff filed no response to Defendant's motion.

Defendant requests a stay of execution of judgment pending appeal, and requests that the Court grant a stay without requiring Defendant to post a bond. Defendant claims that bond is unnecessary in this case because the City of Blue Ash has sufficient assets to pay the judgment through its risk pool, Miami Valley Risk Management Association[1] ("MVRMA"), and through an excess carrier. Defendant also represents that funds already have been set aside so that if the judgment is deemed lawful, the funds will be immediately available. In support of its motion, Defendant submits the affidavit of Michael Hammond, the Executive Director for MVRMA. (Hammond Aff. ¶ 1, doc. 222-1.) Hammond confirms that MVRMA set aside funds to pay the judgment. (Id. ¶ 5.) Hammond additionally confirms that MVRMA members are covered by an excess insurance policy and that the excess carrier also set aside funds "to cover the judgment awarded, as well as any additional costs that may accrue pending the exhaustion of the appellate process." (Id. ¶¶ 6, 7.)

Federal Rule of Civil Procedure 62(d) provides in relevant part: "If an appeal is taken, the appellant may obtain a stay by supersedeas bond. . . . The bond may be given upon or after filing

---

[1] MVRMA administers a risk pool for a number of municipalities, including the City of Blue Ash. (Hammond Aff. ¶¶ 2, 3, doc. 222-1.)

the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." Though Rule 62 generally calls for the posting of a bond prior to obtaining a stay, the Sixth Circuit has held that courts retain the discretion to stay cases pending appeal without requiring a bond. See Arban v. West Pub. Corp., 345 F.3d 390, 409 (6th Cir. 2003) (holding that the district court's decision to grant a stay without a bond was not an abuse of discretion); Bank One, N.A. v. Echo Acceptance Corp., No. 04-CV-318, 2008 WL 4822512, at *1 (S.D. Ohio Nov. 3, 2008) ("An appellant may obtain relief from the bond requirement by demonstrating that there is no doubt about its ultimate capacity to pay the judgment."); Love v. Shelby County Sheriff's Dept., No. 02-2478 Ml, 2006 WL 1745054, at *1 (granting Shelby County's motion for an unsecured stay on the basis of an affidavit of the Director of Finance for Shelby County, Tennessee, which stated that Shelby County had "more than adequate resources" to satisfy the judgment if affirmed on appeal). In Arban, 345 F.3d at 409, the Sixth Circuit explained that:

> Rule 62(d) entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right. However, the Rule in no way necessarily implies that filing a bond is the only way to obtain a stay. It speaks only to stays granted as a matter of right, it does not speak to stays granted by the court in accordance with its discretion.

Id. (internal citations and quotations omitted).

The Court is satisfied in this case that there are adequate assurances that Defendant will be able to satisfy the judgment, if necessary, at the conclusion of the appeal. Funds already have been set aside for that purpose. Moreover, Plaintiff filed no objection to Defendant's request for an unsecured stay. The Court therefore grants Defendant's motion. Execution of the judgment against Defendant is hereby stayed pending resolution of the appeal.

**III.     Plaintiff's Motion for Attorney Fees**

Plaintiff's entitlement to attorney's fees in this case depends in large part on the outcome of the appeal.  Accordingly, pursuant to the stay issued herein, the Court reserves judgment as to Plaintiff's motion.

**IV.     Conclusion**

For the reasons stated below, the Court **DENIES** Defendant's Motion for Judgment, **GRANTS** Defendant's Motion for Stay of Execution, and reserves judgment on Plaintiff's Motion for Attorney Fees.  Execution of the judgment against Defendant is hereby stayed pending resolution of the appeal.

IT IS SO ORDERED.


___s/Susan J. Dlott_____
Chief Judge Susan J. Dlott
United States District Court